UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDY MACK,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

18-CV-974
DECISION AND ORDER



## Introduction

On January 6, 2015, plaintiff, Lindy Mack, brought this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security regarding her applications for disability insurance benefits and Supplemental Security Income. ECF No. 1. Presently before the Court is the Commissioner's motion to dismiss pursuant to Rules 12 (b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure based on plaintiff's untimely filing of the complaint. ECF No. 11. For the reasons that follow, the Commissioner's motion is **denied**.

## Factual Background

On January 6, 2015, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. Pl.'s Compl. (ECF No. 1). After the applications were denied, she timely requested a hearing. On April 15, 2015, plaintiff appeared with counsel, Jonathan Emdin, Esq., and testified at a hearing before Administrative Law Judge Hortensia Haaversen ("the ALJ"). ECF No. 1-1. The ALJ issued an unfavorable decision on December 29, 2017. *Id.* at 4-16. Plaintiff then timely requested review by the Appeals Council, which the Council denied on July 3, 2018, making the ALJ's decision the final decision of the Commissioner. *Id.* at 23-26.

The Council's notice denying review of the ALJ's decision advised plaintiff that she could file a civil action within sixty days of the date of the notice. *Id.* at 24.

On September 4, 2019, plaintiff's representative requested an extension of time to file a civil action. ECF No. 11-2 at 3, 24. On September 7, 2019, having not heard from the Appeals Council in response to his request, plaintiff's representative initiated this appeal. ECF No. 1. The Appeals Council eventually denied plaintiff's request for extension of time to file a civil action on October 11, 2018. ECF No. 11-2 at 3-4. On March 24, 2019, the Commissioner filed the instant motion to dismiss the action arguing that plaintiff's complaint was not filed timely. ECF No. 11. Specifically, the Commissioner argued that because plaintiff was presumed to have received the Appeals Council's notice by July 8, 2018, her deadline to file this action was September 6, 2018, and not September 7, 2018. *Id.* In response, plaintiff submitted that her filing of the complaint was within the sixty-day deadline because she did not receive the Appeals Council's notice until July 11, 2018. ECF No. 13-1.

## **Discussion**

1) <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim where a federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12. The Social Security Act requires a plaintiff challenging a final decision of the Commissioner to file a civil action within sixty days of the plaintiff's receipt of the Appeals Council's decision. 42 U.S.C. § 405(g). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because the Commissioner's motion to dismiss is based on a statute of limitations ground, it is generally "treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under

Rule 12(b)(1)." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015)(internal citations omitted); *see also Kesoglides v. Comm'r of Soc. Sec.*, No. 113-CV-4724(PKC), 2015 WL 1439862, at *2 (E.D.N.Y. Mar. 27, 2015)("A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion.").

When considering a motion to dismiss, the court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In addition, it may not only consider facts stated in the complaint, but also documents attached to the complaint as exhibits. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

2) <u>Timeliness of the Complaint</u>

A district court's judicial review of the final decision of claims arising under the Social Security Act is governed by 42 U.S.C. § 405(g), which provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (g). Pursuant to her authority under § 405(g), the Commissioner promulgated section 20 C.F.R. § 422.210 (c), which provides that any civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council *is received by the individual,* institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause . . . .

20 C.F.R. § 422.210 (c) (emphasis added). The regulation further provides that the date of receipt of notice of denial of request for review is "presumed to be 5 days after the date of such notice,

3

unless there is a reasonable showing to the contrary." *Id.*; *see also* 20 C.F.R. §§ 404.981, 416.1481. Consequently, "[r]ather than commencing [an action] on the date notice of decision is *mailed* to the claimant, the sixty day period starts from the time notice is *received* by the claimant[,]" creating a rebuttable presumption of receipt where notice is presumed to have been received five days after the date of the notice. *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). Consequently, to rebut the presumption of timely receipt, a claimant must provide a "reasonable showing" of the late receipt of the notice of denial of request for review. 20 C.F.R. § 422.210 (c). The courts of this Circuit have previously decided that to overcome the presumption, the claimant must not only assert that he did not receive notice within five days, but "must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." *Matsibekker*, 738 F.2d at 81 (collective cases); *e.g., Sherwood v. Berryhill*, 17Civ. 5015(GWG), 2018 WL 4473336, at *4 (S.D.N.Y. Sept. 18, 2018) (plaintiff "must do more than assert that [he] did not receive the notice within five days")(internal citations omitted)(collective cases); *Guinyard v. Apfel*, No. 99 CIV. 4242 MBM, 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000)(naked assertions of the receipt date of the notice of Appeals Council were insufficient to rebut the presumption); *see also Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356–57, n.5 (S.D. Ala. 2002) ("In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt.")(collective cases). When the claimant successfully rebuts the presumption, the burden then shifts to the Commissioner to establish that the claimant received actual notice. *Marte v. Apfel*, No. 96 Civ. 9024(LAP), 1998 WL 292358, at *1 (S.D.N.Y. June 3, 1998).

4

In the present case, the Appeals Council issued its notice of denial of plaintiff's request for review of the ALJ's decision on July 3, 2018. The Commissioner submits that the notice was mailed to plaintiff and her representative the same date it was issued, i.e. July 3, 2018.[1] ECF Nos. 11-1 at 4; 11-2 at 3. Since plaintiff did not object or presented any proof to suggest otherwise, the Court will presume that the notice was, in fact, mailed by the Commissioner on July 3, 2018. What the plaintiff however, objects to is the actual date she received the notice from the Commissioner. The Commissioner argues that under her regulations, plaintiff was presumed to have received the notice no later than July 8, 2018, and, as a result, was required to file her appeal in this Court no later than September 6, 2018. ECF No. 11-1, at 4. Consequently, she submits, plaintiff's legal action is barred by the statute of limitations because it was filed on September 7, 2018, one day beyond the sixty-day deadline. ECF No. 11-1 at 2. Plaintiff argues that it was not until July 11, 2018, when her attorney's office received the notice, making September 10, 2018 her deadline for filing the action in this Court.[2] ECF Nos. 13-1, ¶ 8; 13-2, ¶ 5; 13-3, ¶ 6. Therefore, the Court's main objective here is to determine whether the evidence submitted by plaintiff in opposition to defendant's motion to dismiss constitute a "reasonable showing" within the meaning of 20 C.F.R. § 422.210 (c) sufficient to overcome the presumption of receipt. This Court believes it does.

---

[1] "Logic and elementary fairness" dictate that once a claimant has been represented by an attorney, the notice of administrative action or decision should be mailed to the attorney, as well as the claimant. *Bartolomie v. Heckler*, 597 F. Supp. 1113, 1116 (N.D.N.Y. 1984)(citing *Bianca v. Frank*, 43 N.Y.2d 168, 173 (1977) ("[A]ny documents, particularly those purporting to have legal effect on the proceeding, should be served on the attorney the party has chosen to handle the matter on his behalf.")); *see also* 20 C.F.R. § 404.1715.

[2] Plaintiff also argues that the Court should extend her filing deadline under the theory of equitable tolling based on the Appeals Council's denial of her request for extension of time to file a civil action plaintiff sought on September 4, 2018. ECF No. 13 at 4. Because the Court finds that plaintiff's complaint was timely filed, it sees no reason to address this argument.

In opposition to the Commissioner's motion plaintiff submitted two affirmations of her attorney's employees – the office manager and the mail clerk - both of which contained an explanation of their office's general policy of handling all incoming mail, and described in detail procedures used to process mail related to plaintiff's matter through their case management system. ECF Nos. 13-1, 13-2. Both affiants submitted that the Appeals Council's notice of denial was not received by their office until July 11, 2018 when the scanned copy of plaintiff's notice was entered into their office's case management system that day. *Id.* Elaine Hartman, the mail clerk, described her office's strictly-adhered policy of scanning all incoming mail into their filing system the day mail is received, and averred that, in accordance with the policy, she scanned plaintiff's notice on July 11, 2018, the day it was received by her office. ECF No. 13-2. Similarly, Cheverine Van Berkum, plaintiff's counsel's office manager, affirmed that a copy of the notice was scanned and entered into the case management system on July 11, 2018 in accordance with the policy that all scanned mail is attached to the appropriate electronic folder the day mail is received. ECF No. 13-1, ¶ 10.

In addition to these two affirmations, plaintiff submitted copies of screenshots of his attorney's case management system and of the contents of an electronic folder kept by the mail clerk, both of which demonstrate that the Appeals Council's notice was scanned into the electronic folder and entered into the case management system by the mail clerk on July 11, 2018. ECF Nos. 13-2 ¶ 6, 13-4, 13-6.

There detailed submissions about procedures utilized by plaintiff's attorney's office when handling incoming mail, along with copies of screenshots of plaintiff's electronic file, go beyond simple assertions of the late receipt of the notice, and instead, corroborate plaintiff's allegations of her late receipt of the Appeals Council's notice. Therefore, the Court finds that plaintiff

successfully rebutted the presumption of timely receipt by making "a reasonable showing" that she did not receive the notice within five days of its mailing. *See Chasity P. v. Berryhill*, No. 1:18-cv-113, 2018 WL 5724003, at *3 (W.D.N.Y. Nov. 1, 2018) (affidavits and screenshots of plaintiff's electronic file kept by her attorney's office sufficiently demonstrated that plaintiff has made a reasonable showing that she received the Appeals Council's notice nine days after it was mailed); *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979) (presumption of receipt was rebutted when plaintiff submitted an affidavit affirming his temporary relocation to another residence and an affidavit from a railroad clerk who confirmed the date when he delivered the notice to the plaintiff); *Matsibekker*, 738 F.2d at 81 (plaintiff rebutted presumption when he showed that the notice of decision was mailed late by the Appeals Council); *Duran ex rel. Canfield v. Barnhart*, No. 03 Civ. 1089(HB), 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003)(the Court considered a list of twenty-nine notices sent by the Commissioner that arrived eight days after the notice date submitted by plaintiff's counsel and the mailing of plaintiff's notice around Christmas time to find that plaintiff overcame presumption of receipt). Because plaintiff has overcome the presumption, the burden shifted to the Commissioner to establish that plaintiff received actual notice within five days of mailing. *Liranzo v. Astrue*, No. 07-CV-5074(CBA), 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011) ("Only when a claimant successfully rebuts the presumption with a 'reasonable showing" that he received notice of decision after five days, the burden shifts to the Commissioner of Social Security to establish that the claimant received actual notice.'") (internal citation omitted). However, the Commissioner has not responded to plaintiff's opposition to the motion to dismiss and, thus, has failed to satisfy her burden. *See Matsibekker*, 738 F.2d at 81 (the Commissioner could have attempted to prove that plaintiff received actual

notice more than 60 days prior to the filing of the complaint, but has not offered any proof of certified mail receipts to controvert plaintiff's assertion of non-receipt of the notice); *Dobbs v. Heckler*, No. 85 Civ. 0876, 1985 WL 71754, at *3 (E.D.N.Y. July 1, 1985) ("[T]he government has not alleged or offered proof that the Appeals Council decision . . . was sent by certified mail."); *but see McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (affidavits presented by the Commissioner describing the address where the Appeals Council's notice was mailed by certified mail and a copy of the letter sent to plaintiff with the number of certified mail on it were sufficient to meet the Commissioner's burden and prove that plaintiff promptly received the notice after it was mailed). Therefore, the Commissioner's motion to dismiss for failure to timely file the complaint is denied.

## Conclusion

For the above reasons, the Commissioner's motion to dismiss (ECF No. 11) is **denied**.

**IT IS SO ORDERED.**

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

Dated: June 10, 2019
Rochester, New York